## SEVERN R. PRENTISS and another *v.* EDGAR SPRAGUE.

Where the defence to the plaintiff's claim consists of a counter-claim in favor of the defendant, and the plaintiff's claim is proved, the defendant must substantiate his counter-claim to the entire satisfaction of the justice, before the plaintiff can be charged with any part thereof. Where the counter-claim is for damages, and the justice cannot decide whether the injury should be borne by the plaintiff or the defendant, he has no right to divide the loss between the parties, but, unless affirmatively satisfied of the counter-claim, must disregard it, and render judgment for the plaintiff's claim.

It is improper for a justice to render judgment while the counsel of one of the parties is summing up the cause.

APPEAL by plaintiffs from a judgment of the Sixth District Court. This was an action to recover for work, labor and materials furnished in repairing a mill belonging to the defendant. The amount of the claim was $72.68. The mill was originally purchased by the defendant from the plaintiffs. The defendant alleged that they warranted it at the time of the sale. The repairs that were made were rendered necessary by the bursting of the mill-stone sold to the defendant by the plaintiffs, and for the injuries thus occasioned, the defendant interposed a counter-claim. The evidence was conflicting upon the question, whether the bursting of the stone was occasioned by an inherent defect, or by ill usage. The justice returned that he found it impossible to determine whether the stone burst in consequence of a defect therein or not, and that he, therefore, divided the loss equally between the parties, and he rendered judgment for the plaintiffs accordingly for one-half of their claim. From this judgment the plaintiffs appealed.

It also appeared by the return, that the justice, before whom the cause was tried, stopped the plaintiffs' counsel as he was summing up the cause, and told him that he had rendered judgment. This information was communicated to the court, on appeal, in the following postscript attached to the return:

"N. B. While plaintiffs' counsel was summing up the case, I interrupted him, saying, 'that I was fully convinced that, as to the philosophy of the cause of the stone's breaking, no argument

Prentiss v. Sprague.

could clear away the doubts on that matter,' and then told him 'that I had come to that conclusion, and that I had already entered judgment in the case, and stated what the judgment was,' to which he replied, ' that he did not want such a judgment,' and then said, ' I will withdraw the case,' to which I replied, ' I shall let the judgment stand as it is.'

"ANSON WILLIS, *Justice.*"

*William R. Stafford,* for the appellants.

*E. C. Delavan,* for the respondent.

INGRAHAM, FIRST JUDGE.—The plaintiffs' claim is for work and labor done in repairing a mill which they had previously sold to the defendant. The defence is a warrantee, and that the work was not well done.

The justice states, in his return, that "finding it impossible to determine from the witnesses whether the stone burst in consequence of a defect in the workmanship or not, I divided the loss between the parties," and he rendered judgment for one-half of the plaintiffs' claim.

From his finding, it is apparent that the justice thought the plaintiffs had done the work, and that the value of it was double the amount of the judgment. For that sum, the plaintiffs were entitled to recover, unless the defendant proved that there was a claim against the plaintiffs under the warrantee. This was the duty of the defendant to prove to the satisfaction of the justice, before he could charge the plaintiffs with any portion of the loss. The justice says, he could not so decide from the testimony, and when he proceeded to divide the loss between the parties he erred. It may be equitable, but a justice's court has no such power. He is not an arbitrator, but is bound by the rules of law in the decision of his cases. When the defendant failed to satisfy him that he had any claim against the plaintiffs, the justice should have rendered judgment for the whole of the plaintiffs' claim.

While the plaintiffs' counsel was summing up the case, the

justice interrupted him by telling him that he had already rendered the judgment. This was also improper. If a counsel has a right to sum up the case of his client at all, he has a right also to ask that judgment should not be rendered against him, until he has been heard.

Judgment reversed.